1  DANIEL KELLER (SBN 191738)

2  STEPHEN M. FISHBACK (SBN 191646)

3  DAN C. BOLTON (SBN 104236)

4  **KELLER, FISHBACK & JACKSON LLP**

5  28720 Canwood Street, Suite 200

6  Agoura Hills, CA 91301

7  Telephone: (818) 342-7442

8  Fascimile: (818) 342-7616

9  Email: dkeller@kfjlegal.com

10  Email: sfishback@kfjlegal.com

11  Email: dbolton@kfjlegal.com

12

13  STEPHEN J. FEARON, JR. (subject to *pro hac vice*)

14  **SQUITIERI & FEARON, LLP**

15  32 E. 57th St., 12th Floor

16  New York, NY 10022

17  Telephone: (212) 421-6492

18  Facsimile: (212) 421-6553

19  Email: stephen@sfclasslaw.com

20

21  *Attorneys for Plaintiff and the Proposed Class*

22

23  ## UNITED STATES DISTRICT COURT
   ## FOR THE NORTHERN DISTRICT OF CALIFORNIA

24

25  JESSICA WILLIAMS individually and

26  on behalf of all others similarly situated,

27

28                Plaintiff,

---

|   |   |   |
|---|---|---|
| 1 |  | **CLASS ACTION** |
| 2 | -against - | **COMPLAINT** |
| 3 |   |   |
| 4 | 24 HOUR FITNESS USA. INC., | **JURY DEMAND** |
| 5 |   |   |
| 6 | Defendant. |   |

Plaintiff Jessica Williams brings this action on behalf of herself and all others similarly situated against Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of Plaintiff's counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiff which are based on personal knowledge.

## <u>NATURE OF THE CLAIMS</u>

1. Plaintiff is a member of Defendant 24 Hour Fitness. Each month she pays a fee to use the Defendant's gym in the upcoming month.

2. On March 16, 2020, as the coronavirus pandemic grew throughout the world, Defendant 24 Hour Fitness closed all of its gyms throughout the country, preventing Plaintiff and other members from using the gyms.

3. Although Defendant closed its gyms and prevented members from using its gyms, Defendant continued to charge monthly usage fees to Plaintiff and other members. At the beginning of April for example, Defendant charged Plaintiff more than $40 as a monthly membership fee.

4. After numerous members complained about being improperly charged, Defendant credited some of its members for a portion of the improper fees. However, Defendant did not return all of the improper charges. For example, Defendant possibly credited $20 of the $42.55 charge to Plaintiff. It is not certain, however, that this credit was related to membership fees or if was for some other

unknown, unspecified, and improper charge.

5.    Plaintiff seeks to recover the fees that Defendant has charged Plaintiff and other Class members after Defendant closed its gyms on March 16, 2020.

6.  The claims by Plaintiff and the Class members are "small claims" that are excluded from any arbitration provision in Defendant's membership agreement.  Each claim is in an amount that is less than the jurisdictional maximum for small claims courts.

7.    Plaintiff did not knowingly waive her rights to file this lawsuit. Many of the claims at issue in this action may not be resolved by an arbitrator, and any arbitration agreement in Defendant's materials is vague and ambiguous, including because the agreement specifically allows Plaintiff and other Class members to file lawsuits in this District and represents that members may file small claims in court, including in federal or state courts such as this District.

8.    Plaintiff seeks relief in this action individually and on behalf of all of Defendant's customers nationwide whom Defendant has charged membership fees while Defendant's gyms were closed.

9.    Plaintiff seeks relief for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., for unjust enrichment, money‑had‑and‑received, conversion, breach of contract, and violation of California's Health Studio Services Contract Law, Civil Code §§ 1812.80, *et seq.*

## PARTIES

10.    Plaintiff Jessica Williams is a citizen of California, residing in Woodland Hills, California.

11.    At all relevant times, Plaintiff has been a member of Defendant's 24

Hour Fitness gyms, paying approximately $40 per month for her membership.

12.    Defendant 24 Hour Fitness USA, Inc. is a California corporation with its headquarters at 4450 Norris Canyon Road, San Ramon, California.

13.    Defendant operates more than 430 gyms nationwide, including gyms in California.

## JURISDICTION AND VENUE

14.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2)(A).

15.    Plaintiff is a citizen of California.

16.    Defendant has its headquarters in California.

17.    This Court has subject matter jurisdiction over this class action because it involves citizens of different states, more than 100 class members, minimal diversity, and the amount in controversy for all Class members exceeds $5,000,000, exclusive of interest and costs.

18.    This Court has personal jurisdiction over Defendant because Defendant is amenable to service of process in this District and has minimum contacts with this District and has purposefully availed itself of the privilege of conducting business in this state.

19.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District, including the decisions made by Defendant to sell the contract at issue in this case.

20.    Defendant is subject to personal jurisdiction in this District.

21.    Defendant transacts business in this District.

## CLASS ALLEGATIONS

22.    This action is brought by Plaintiff individually and on behalf of the Class described below (the "Class") pursuant to Rule 23, subdivisions (a), (b)(1),(b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

23.    Plaintiff seeks certification of the following Class:

> All individuals who paid usage fees to Defendant after
> March 16, 2020 while Defendant's gyms were closed.

24.    Excluded from the Class are (1) any Judge or Magistrate Judge presiding over this action and their family members; (2) Defendant and each of its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendant has a controlling interest; (3) persons who properly and timely request to be excluded; and (4) the legal representatives, successors, or assigns of any such excluded persons or entities.

25.    The Class consists of hundreds, if not thousands, of gym members and is thus so numerous that joinder of all members is impracticable.

26.    Although the exact number of members is unknown to Plaintiff at this time, the identities and addresses of the members of the Class can be readily determined from business records maintained by Defendant.

27.    Plaintiff's claims are typical of those belonging to Class members.

28.    Plaintiff's claims stem from Defendant's improper and illegal practices as alleged in this Complaint.

29.    Plaintiff will fairly and adequately protect the interests of the Class members and has retained counsel experienced in complex class action litigation.

30.    Plaintiff and her counsel have no interests which are adverse to those belonging to the Class members that Plaintiff seeks to represent.

### Rule 23(b)(1)

31.    Class action status is warranted under Rule 23(b)(1)(A).

32.    Prosecuting separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

33.     Class action status is also warranted under Rule 23(b)(1)(B).

34.     Prosecuting separate actions by or against individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

**Rule 23(b)(2)**

35.     This action is appropriate as a class action pursuant to Rule 23(b)(2). Plaintiff seeks injunctive relief and corresponding declaratory relief for the Class. Defendant has acted in a manner generally applicable to each member of the Class.

36.     Defendant's unlawful practices, if not enjoined, will subject Plaintiff and Class members to continuing harm and will cause irreparable injuries to Plaintiff and the Class members.

37.     The adverse financial impact of Defendant's unlawful actions is continuing and, unless preliminarily and permanently enjoined, will continue to irreparably injure Plaintiff and Class members.

**Rule 23(b)(3)**

38.     This action is also appropriate as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

39.     Common questions of law and fact predominate over any individualized questions.

40.     Common legal and factual questions include the following:

a.      Whether Defendant improperly charged Plaintiff and the Class for using Defendant's gyms after March 16, 2020 when Defendant closed all of its gyms nationwide;

b.      Whether Defendant should credit the full amount of the post-March 16, 2020 charges to Plaintiff and the Class;

c.      Whether Plaintiff and Class members have been damaged, and if so, are eligible for, and entitled to, compensatory and punitive damages;

d.      Whether Plaintiff and Class members are entitled to declaratory relief; and

e.      Whether Plaintiff and Class members are entitled to preliminary or permanent injunctive relief, or other equitable relief, against Defendant.

41.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a.      Given the complexity of the issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant has committed against them;

b.      Absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

c.      Once Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

d.      This action will ensure an orderly and expeditious administration of the claims and will foster economies of time, effort, and expense, and ensure uniformity of decisions concerning Defendant's actions;

e.   Without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds derived from its wrongful conduct; and

f.   This action does not present any undue difficulties that would impede its management by the Court as a class action.

42.   A class action is superior to other available means for the fair and efficient adjudication of this controversy for other reasons as well. The injuries suffered by individual Class members are, though important to them, relatively small compared to the burden and expense of individual prosecution needed to address Defendant's conduct.

43.   Individualized litigation presents a potential for inconsistent or contradictory judgments. In contrast, a class action presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44.   Plaintiff cannot be certain of the form and manner of a proposed notice to Class members until the Class is finally defined and discovery is completed regarding the identity of class members. Plaintiff anticipates, however, that notice by mail or email will be given to Class members who can be identified specifically. In addition, notice may be published in appropriate publications, on the Internet, in press releases and in similar communications in a way that is targeted to reach class members. The cost of notice, after class certification, trial, or settlement before trial, should be borne by Defendant.

45.   Plaintiff reserves the right to modify or amend the definition of the proposed Class at any time before the Class is certified by the Court.

## FACTUAL ALLEGATIONS

46.     Defendant operates more than 400 gyms in the United States, including in California.

47.     On March 16, 2020, as the coronavirus pandemic spread throughout the United States, Defendant closed all of its gyms and prevented members from using its gyms.

48.     Despite closing its gyms, after March 16, 2020 Defendant charged its members membership fees.

49.     For example, on March 27, 2020, while Defendant's gyms were closed and while Defendant prevented Plaintiff from using the gym, Defendant charged Plaintiff $42.55 by debiting Plaintiff's credit card or debit card.

50.     Defendant imposed similar charges on other Class members after the March 16, 2020 closing.

51.     After many members of Defendant's gyms complained that Defendant had unfairly charged them when the gyms were closed, Defendant possibly credited $20 of the monthly $42.55 fee to Plaintiff and other members. It is not certain, however, that this credit was related to membership fees or if it was a credit for some other unknown, unspecified, and improper charge.

52.     By crediting back less than, or none of, the full amount that Defendant took from Plaintiff and the Class, Defendant was able to keep for itself tens of millions of dollars.

53.     On April 1, 2020, 24 Hour Fitness's CEO Tony Ueber posted on-line a letter to members, stating that Defendant's gyms may need to be closed for an extended time and that, effective April 16, 2020, the company would suspend billings for memberships, additional services and fees if clubs are not open by then in a member's area.

54.     The letter also stated: "For the membership billings that were charged from March 17 through April 15, members will receive additional days of access

equal to the number of days paid for while the clubs were closed in your area. The extension will apply at the end of the membership. If you have a pre-paid membership, your end date will be extended to cover the amount of time the clubs are closed in your area."

55.    Defendant never should have charged Plaintiff and the Class for membership fees while denying them access to, and usage of, Defendant's gyms.

56.    In fact, Section 4(c) of the membership agreement provides that if the gym closes for more than 30 days (which it now has) Defendant will extend the memberships without dues:

> **4(c). Temporary Closures:**  24 Hour regularly closes its facilities, or portions of its facilities, on a temporary basis for maintenance, selected holidays, and other hours based on municipal requirements or other business reasons and such temporary closures will have no effect on this agreement so long as such temporary closures are reasonable.  If your club of enrollment is forced to close for 30 days or less by events or occurrences beyond 24 Hour's control, such as, by way of example, natural disasters, riots or unrest, or action by any lawful authority (Unforeseen Events), you will not be entitled to a refund, dues credit or to terminate your membership.  **However, if Unforeseen Events force your club of enrollment to close for more than 30 consecutive days, then 24 Hour will extend your membership, *without dues*, for the same period your club of enrollment was closed or completely unavailable, but only if there is not another club to**

**which you have access within 10 miles of your club of enrollment**.   If 24 Hour closes your club of enrollment for more than 10 consecutive days for any reason not caused by Unforeseen Events, 24 Hour will extend the term of your membership, without dues, for any days beyond 10, but only if there is not another club to which you have access within 10 miles of your club of enrollment. Your obligations if 24 Hour permanently closes or moves your club of enrollment are explained in Section 6.  If your club of enrollment closes because it is sold, 24 Hour may assign your membership to the new owner.

(emphasis supplied).

57.     This language required Defendant to extend the membership without dues, but Defendant actually charged dues to Plaintiff and the Class while the gyms were closed, possibly refunded a portion of those dues, and kept the balance in violation of the contract.

58.     Having improperly charged Plaintiff and the Class, Defendant should return the entire overcharge.  Defendant is violating its contract by refusing to return all of the dues it charged while its gyms were closed and by instead offering terms to which Plaintiff and the Class did not agree.

59.     Defendant should immediately return the full balances owed to Plaintiff and the Class.

## DEFENDANT'S ARBITRATION PROVISION AND CLASS ACTION <u>WAIVER DO NOT APPLY TO THESE SMALL CLAIMS</u>

60.     Defendant's membership agreement contains provisions governing where lawsuits must be brought and excludes from its arbitration agreement and class action waiver small claims like those there.

61.    The membership agreement explicitly allows Plaintiff to file this lawsuit in "any federal or state court" in California.

62.    For example, paragraph 7 of the agreement contains the following language allowing lawsuits to be brought in this District:

> This Agreement and/or any legal action related to your 24 Hour Fitness membership shall be governed by, construed and enforced in accordance with the laws of the state where you live at the time this agreement is executed as indicated in the personal information section on the first page of this agreement, without reference to choice of law principles. **Exclusive venue for any legal action related to this Agreement or your 24 Hour Fitness membership shall be brought in any federal or state court where the agreement was executed ("Applicable Courts").** The parties waive any objection that they have or may have to venue in the Applicable Courts including, but not limited to, any objection that the Applicable Courts are an inconvenient forum. In addition, the parties waive, to the fullest extent they may effectively do so, any objection that they have or may have to the transfer of any legal action to the Applicable Courts.

(emphasis supplied)

63.    Paragraph 9(a) of the membership agreement contains the following language excluding small claims - - like those asserted by Plaintiff - - from the arbitration provision and class action waiver:

**AGREEMENT TO ARBITRATE — INCLUDING WAIVER OF CLASS ACTION AND JURY RIGHTS**

9(a) **Agreement to Arbitrate All Disputes Except Personal Injury and Small Claims Disputes:**
IN THE EVENT OF ANY DISPUTE (OTHER THAN (1) ONE THAT INVOLVES PERSONAL INJURY OR (2) ONE FILED IN A COURT THAT IS LIMITED TO ADJUDICATING SMALL CLAIMS) BETWEEN  YOU AND 24 HOUR, (24 HOUR, AS USED IN THIS PROVISION, INCLUDES ITS OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS). YOU AND 24 HOUR WAIVE YOUR RIGHT TO A JURY TRIAL AND CONSENT TO ARBITRATE THAT DISPUTE BEFORE A SINGLE ARBITRATOR UNDER THE THEN CURRENT COMMERCIAL DISPUTE RULES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA") IN A LOCATION NEAR YOUR CLUB OF ENROLLMENT, RATHER THAN LITIGATE THE DISPUTE IN COURT, YOU AND 24 HOUR ALSO AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. IN ADDITION, YOU ALSO AGREE NOT TO PARTICIPATE IN CLAIMS BROUGHT IN A PRIVATE ATTORNEY GENERAL OR REPRESENTATIVE CAPACITY, OR CONSOLIDATED CLAIMS INVOLVING ANOTHER

PERSON'S ACCOUNT, IF 24 HOUR IS A PARTY TO
THE PROCEEDINGS, IF YOU DO NOT WANT TO
BE BOUND BY THIS ARBITRATION PROVISION,
YOU MAY OPT OUT, IN ORDER TO OPT OUT OF
THIS ARBITRATION PROVISION, YOU MUST
NOTIFY 24 HOUR IN WRITING THAT YOU DO
NOT WANT TO RESOLVE DISPUTES WITH 24
HOUR BY ARBITRATION, SUCH NOTICE SHOULD
BE DELIVERED BY MAIL TO 24 HOUR FITNESS,
P.O. BOX 787 CARLSBAD, CA 92018. WITHIN 90
DAYS OF THE DATE YOU SIGN THIS
AGREEMENT.

(emphasis added).

64. Defendant improperly charged Plaintiff either approximately $40 or $20 (if the $20 credit was a refund of a portion of the improper charge) both of which are below the jurisdictional maximum of a small claim and fit within the agreement's exclusion for small claims and its authorization to file claims like these in this District.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §§ 1750, *ET SEQ*. (INJUNCTIVE RELIEF ONLY)

65. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

66. Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant.

67. Plaintiff and Class members are consumers who paid fees for use of

Defendant's gyms for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

68.     Defendant's gym access that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

69.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

70.     Defendant's advertising that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to charge its customers fees for using and accessing the gyms.

71.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresented the particular characteristics, benefits and quantities of the services.  Defendant has charged Plaintiff and the Class usage fees when they cannot use the gyms.

72.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular

standard, quality or grade of the services.

73.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.  Defendant has advertised and charged for file access to the gyms while denying that access and usage.

74.     Plaintiff and the Class acted reasonably when they purchased and paid for Defendant's gym membership in the belief that Defendant's representations were true and lawful.

75.     Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while Defendant had closed all of its gyms nationwide; (b) Plaintiff and the Class would not have purchased and paid for gym memberships on the same terms absent Defendant's representations and omissions; (c) Plaintiff and the Class paid a price premium for Defendant's gym membership based on Defendant' misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

76.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA.

77.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CPLR.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

78.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

79.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

80.     Defendant's advertising that its gyms would be available to its customers 24 hours per day, and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to charge its customers for gym membership and access.

81.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and California's Health Studio Services Contract Law and other applicable law as described herein.

82.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising and its charging of membership fees while its gyms are closed is of no benefit to consumers.

83.     Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendant's gyms and by charging usage fees to Plaintiff and the Class even after Defendant had closed its gyms nationwide.

84.     By imposing the charges on Plaintiff and the Class after Defendant had closed its gyms, Defendant obtained tens of millions of dollars for itself.

85.     Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendant's gyms were open and accessible and by not canceling their memberships once Defendant closed its gyms.

86.      Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that Defendant would continue charging customers' credit cards and debit cards while all even after Defendants had closed all of its gyms nationwide; (b) they would not have purchased or paid for gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ.*

87.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

88.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

89.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ...

or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

90.     Defendant engaged in a scheme of charging customers the monthly membership and usage fee even after Defendant had closed all of its gyms and was denying access to Plaintiff and the Class.

91.     Defendant's advertising and marketing of its gyms as being accessible 24 hours per day misrepresented and/or omitted the true content and nature of Defendant's services.  Defendant's advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase and maintain gym memberships, and are statements disseminated by Defendant to Plaintiff and Class members. Defendant knew that these statements were unauthorized, inaccurate, and misleading.

92.     Defendant's advertising that its gyms would be available to its customers 24 hours per day, and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to charge its customers for gym membership and gym access.

93.     Defendant violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would be charged fees only when they have access to Defendant's gyms.

94.     Defendant knew or should have known, through the exercise of reasonable care that its advertising of its gyms as being accessible for 24 hours a day is false and misleading.  Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when

it continued charging fees while all of its gyms were closed.

95.     Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all gyms nationwide are closed; (b) they would not have purchased or paid for gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym membership did not have the characteristics, benefits, or quantities as promised.

## FOURTH CAUSE OF ACTION
### MONEY HAD AND RECEIVED

96.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

97.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

98.     Defendant received membership fees that were intended to be used for the benefit of Plaintiff and the Class.  Defendant did not use those membership fees for the benefit of Plaintiff and the Class and has not given back or refunded all of the wrongfully obtained money to Plaintiff and the Class.

99.     Defendant obtained money in the form of membership fees that was intended to be used to provide gym access to Plaintiff and the Class.  However, Defendant has charged and retained membership fees while it has closed and denied access to Plaintiff and the Class.

100.    Defendant did refund some of the charges but has kept the balance of the membership fees for itself.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **FIFTH CAUSE OF ACTION**

### **VIOLATION OF CALIFORNIA'S HEALTH STUDIO SERVICES CONTRACT LAW CIVIL CODE §§ 1812.80, ET SEQ.**

101.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

102.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

103.   Under Cal. Civ. Code § 1821.92, any contract for heath studio services entered into in reliance upon any willful and false, fraudulent, or misleading information, representation, notice or advertisement of the seller shall be void and unenforceable.

104.   Here, Plaintiff and Class members signed up and paid for Defendant's gym membership based on Defendant's false and misleading representation that Plaintiff and the Class would have access to Defendant's gyms 24 hours per day, when, in fact, Defendant unilaterally charged them membership fees after Defendant closed all of its gyms.  Accordingly, the membership contracts are void and Defendant must refund all of the membership fees charged while its gyms were and remain closed.

105.   Further, Cal. Civ. Code § 1812.85 requires that "[e]very contract for health studio services shall provide that performance of the agreed-upon services will begin within six months after the date the contract is entered into.  The consumer may cancel the contract and receive a pro rata refund if the health studio fails to provide the specific facilities advertised or offered in writing by the time indicated."  Here, Defendant advertises that its gyms are open and accessible 24 hours per day, when, in fact, Defendant has charged customers the membership fee even after Defendant closed all of its gyms.

106.   Accordingly, Plaintiff and Class members are entitled to refunds for

all fees paid while Defendant's gyms were and remain closed.

## SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT, INCLUDING BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

107.   Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

108.   At all relevant times, Plaintiff and the Class paid monthly membership fees to Defendant and have otherwise performed all obligations under the contract.

109.   As alleged above, Defendant owed duties and obligations to Plaintiff including the duty to only charge Plaintiff and the Class membership fees if Defendant provided access to Plaintiff and the Class.

110.   In addition, every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract. Broadly stated, the covenant requires that neither party do anything which will deprive the other of the benefits of the agreement. The implied covenant is aimed at making effective the agreement's promises, and it is breached when a party seeks to prevent the contract's performance or to withhold its benefits from the other party.

111.   Defendant breached the covenant of good faith and fair dealing because, to the extent Defendant had the discretion to bill the monthly membership rate, that discretion was sufficiently constrained under the terms of the contract to support an implied obligation of good faith and fair dealing.

112.   Defendant exercised its discretion in bad faith and breached the implied covenant of good faith and fair dealing by, among other things charging Plaintiff and the Class membership and usage fees even after Defendant closed its gyms on March 16, 2020 and by not refunding the full amount of the charges.

113.   Defendant's contractual breaches, including its breach of the implied

covenant of good faith and fair dealing, caused Plaintiff and the Class to suffer damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### CONVERSION

114.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

115.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

116.    Plaintiff and members of the Class had a right to retain their membership fees while all of Defendant's gyms were and remain closed.

117.   Defendant intentionally charged Plaintiff's and Class members' debit and credit cards for the monthly membership fees after and while Defendant's gyms were closed.

118.   Plaintiff and Class members did not consent to Defendant's charging of their debit and credit cards while Defendant's gyms are closed.

119.   Plaintiff and Class members were harmed through Defendant's charging of their debit and credit cards.

120.   Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

## EIGHTH AUSE OF ACTION

### UNJUST ENRICHMENT

121.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

122.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

123.   Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, membership fees while all of Defendant's gyms were and remain closed.

124.   Defendant has knowledge of such benefits.

125.   Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees.

126.   Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging membership and access fees after Defendant closed all of its gyms.

127.   These misrepresentations and charges injuries to Plaintiff and members of the Class because Plaintiff and the Class would not have paid Defendant's membership fees had the true facts been known.

128.   Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for Defendant's  unjust enrichment, in an amount to be determined at trial.

## NINTH  CAUSE OF ATION
## DECLARATORY RELIEF

129.   Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

130.   Plaintiff brings this claim on behalf of Plaintiff and the Class.

131.   An actual controversy has arisen and now exists between Plaintiff and the Class members, on the one hand, and Defendants, on the other hand, concerning the respective rights and duties of the parties under the plans sold by Defendants.

132.   Defendants deceptively represented the terms and qualifications of the plans, diverted the membership payments for Defendant's own use and profit, and has kept those payments even after closing its gyms and denying access to Plaintiff and the Class.

133.   Plaintiff, on behalf of Plaintiff and the Class, seeks a declaration as to the parties' respective rights and requests the Court to declare that Defendants'

practices alleged in this Complaint are unlawful so that future controversies may be avoided and direct that Defendants return to Plaintiff and the Class all membership fees paid to Defendants during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order declaring that Defendant's conduct violates the statutes and  laws referenced herein;

c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e) For prejudgment interest on all amounts awarded;

f) For an order of restitution and all other forms of equitable monetary relief;

g) For injunctive relief as pleaded or as the Court may deem proper; and

h)      For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  May 5, 2020

Respectfully submitted,

By:/s/ Daniel Keller

Daniel Keller (SBC 191738)

Stephen M. Fishback (SBN 191646)

Daniel C. Bolton (SBN 104236)

**KELLER, FISHBACK & JACKSON LLP**

28720 Canwood Street, Suite 200

Agoura Hills, CA 91301

Telephone: (818) 342-7442

Fascimile: (818) 342-7616

Email: dkeller@kfjlegal.com

Email: sfishback@kfjlegal.com

Email: dbolton@kfjlegal.com

STEPHEN J. FEARON, JR

(subject to *pro hac vic)*

**SQUITIERI & FEARON, LLP**

32 East 57th St., 12th Floor

New York, New NY 10022

Telephone: (212) 421-6492

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facsimile: (212) 421-6553

Email: stephen@sfclasslaw.com

Email: paul@sfclasslaw.com

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL